**Andrew W. Plotker, CPA, LLC**
59 East 54th Street, 6th Floor
New York, New York 10022
(212) 230-2630

*Andrew W. Plotzker, CPA*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
In Re:                                                                    **Chapter 7**

**PANOS PAPADOPOULOS SERETIS,**               Case No. 18-11852 (JLG)


                              Debtor.
---------------------------------------------------------------

**STATE OF NEW YORK    }**
                                      **}    ss:**
**COUNTY OF NEW YORK }**

### AFFIDAVIT - RETENTION AS ACCOUNTANTS
### FOR THE CHAPTER 7 TRUSTEE

ANDREW W. PLOTZKER, being duly sworn, deposes and says:

1. I am a Certified Public Accountant, licensed under the laws of the State of New York, and am presently a member of the accounting firm of ANDREW W. PLOTZKER, CPA, LLC (the "Firm" or "AWPCPA"), Certified Public Accountants, maintaining offices at 59 East 54th Street, New York, New York 10022.

2. No agreement or understanding exists between AWPCPA and any other person for a division of compensation to be received for services rendered in, or in connection with, the within Chapter 7 case, nor shall AWPCPA share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person.

3. As set forth more fully below, neither I, AWPCPA, any member of the Firm, nor any associate thereof, insofar as I have been able to ascertain, holds or represents any interest averse to the Trustee or the Debtor's estate.

4. Additionally, neither I, AWPCPA, any member of the Firm, nor any associate, to my knowledge:

a. is a relative of the Debtor or of a general partner of the Debtor;

b. is a partner in a partnership in which the Debtor is a general partner;

c. is a general partner of the Debtor, or an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code;

d. is or has been an investment banker for any security (outstanding or otherwise) of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the debtor; or a director, officer or employee of an investment banker for any security (outstanding or otherwise) of the Debtor;

e. presently represents a creditor of the Debtor, or person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter that is related to the Debtor or the Debtor's estate;

f. previously represented a creditor of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter substantially related to the Debtor's Chapter 7 case;

g. except as set forth below, has any connection with the Debtor, the Trustee, the Office of the United States Trustee or any employee of that office, or any of the Debtor's creditors; or

h. has any other interest, direct or indirect, which may affect or be affected by proposed representation;

i. has provided accounting services to the Debtor.

5. To the best of my knowledge and based upon a review of the information and documents presently available to me, my firm is a "disinterested" person as that term is defined in Section 101(14) of the United States Bankruptcy Code (the "Code").

6. AWPCPA has represented, and continues to represent, Robert L. Geltzer, the chapter 7 trustee (the "Trustee"), as his accountant in Mr. Geltzer's capacity as chapter 7 or chapter 11 trustee in other, unrelated chapter 7 and chapter 11 cases filed in the United States Bankruptcy Courts of the Southern and Eastern Districts of New York. In each of those matters, AWPCPA has been retained to represent Mr. Geltzer, as trustee, pursuant to an order duly entered by the appropriate Bankruptcy Court pursuant to Section 327 of the

-2-

Code, the Federal Rules of Bankruptcy Procedure, any pertinent Local Bankruptcy Rules, and the applicable United States Trustee Guidelines.

7. To the best of my knowledge and based upon a review of the information and documents presently available to me, my firm is a "disinterested" person as that term is defined in Section 101(14) of the United States Bankruptcy Code (the "Code").

8. The Firm has extensive familiarity with the accounting practices relating to insolvency matters in the Bankruptcy Courts located in many districts of the United States.

9. Based upon the Trustee's review of the petition and schedules, the Trustee, discussions had with the Debtor or the attorney representing the Debtor, and/or others, has determined that the accounting services set forth below are necessary for the administration of the estate.

10. From the above, it appears that, perhaps among other things, from a review of various documents sent by Debtor's counsel, that the Debtor has interests in at least three businesses and possibly assets within said going businesses and additional bank accounts not previously disclosed, that need to be investigated.

11. The Firm has conferred with the Trustee and subject to the condition, quality and availability of the books and records of the within Debtor, AWPCPA proposes to render services, which include, but are not necessarily limited to, the following, some of which were commenced as of September 18, 2018.

   a. Analyze the financial history of the Debtor prior to the date of the filing of the petition under Chapter 7, as we consider necessary.

   b. Verify and evaluate, as necessary, the physical existence of all material assets and liabilities that the Trustee considers necessary.

   c. Analyze transactions with insiders, related and/or affiliated parties for a period(s) directed by the Trustee, and identify potential preferential transfers, fraudulent conveyances, and/or others potential actions.

   d. Identify and prepare an analysis of all assets and liabilities, that the Chapter 7 Trustee considers necessary.

  e. Attend meetings and confer with representatives of the Trustee and his counsel.

  f. Provide supporting documentation and/or reports to substantiate alleged insider and preferential transfers and/or fraudulent conveyances and present our findings in Court, under oath, if necessary.

  g. Prepare federal, state and local tax returns.

  h. Perform other services that we may deem necessary as accountants to the Trustee.

12. Your affiant respectfully requests that an order of retention under a general retainer be entered, effective as of September 18, 2018, based on the following hourly rates, which are subject to yearly firm-wide adjustments, cognizant of the fact that any fees to be paid are subject to review by the Office of the United States Trustee, and subject to Court approval, upon proper application therefor:

| Partners | $465 to $650 per hour |
| --- | --- |
| Senior Managers and Managers | $365 to $455 per hour |
| Staff | $255 to $355 per hour |
| Para Professionals | $195 to $245 per hour |

13. Prior to any increases in AWPCPA's rates for any individual employed by AWPCPA and providing services in this case, AWPCPA shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, provided however, that the terms "increases in AWPCPA's rates" and "rate increases" as used herein shall not include annual "step increases" historically awarded by AWPCPA in the ordinary course to accountants and para professionals throughout the firm due to advancing seniority and promotion. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether AWPCPA's client has consented to the rate increase.

WHEREFORE your affiant asks for the entry of the proposed order of employment.

/s/ Andrew W. Plotzker
ANDREW W. PLOTZKER

Sworn and subscribed to before me on this 17th day of October 2018.

/s/ Kathyann Clarke
NOTARY PUBLIC
Kathyann Clarke
Notary Public-State of New York
No. 01CL6068060
Qualified in Kings County
Commission Expires December 24, 2021