Robert L. Geltzer, as
*Chapter 7 Trustee of the Debtor*
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100
rgeltzer@epitrustee.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

In re

PANOS PAPADOPOULOS SERETIS,

Debtor.

------------------------------------------------------------X

Chapter 7

Case No. 18-11852 (JLG)

**APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2014 AUTHORIZING TRUSTEE'S RETENTION OF
TARTER KRINSKY & DROGIN LLP AS COUNSEL TO THE TRUSTEE**

TO:   THE HONORABLE JAMES L. GARRITY JR.
      UNITED STATES BANKRUPTCY JUDGE

Robert L. Geltzer, Chapter 7 trustee (the "**Trustee**" or the "**Applicant**") of the debtor in the above-captioned case, Panos Papadopoulos Seretis (the "**Debtor**"), respectfully represents:

**RELIEF REQUESTED**

1.   By this application (the "**Application**"), the Trustee seeks entry of an order, pursuant to Section 327 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended (the "**Bankruptcy Code**"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), authorizing the retention, as of October 23, 2018, of Tarter Krinsky & Drogin LLP ("**TKD**"), which maintains offices for the practice of law at 1350 Broadway, New York, New York 10018, as Counsel to the Trustee, to render services in connection with the above-captioned Chapter 7 case.

## BACKGROUND

2. On June 20, 2018 (the "**Petition Date**"), a voluntary petition under chapter 7 of the United States Bankruptcy Code (the "**Bankruptcy Code**") was filed by the Debtor with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") [Docket No. 1][1].

3. On June 22, 2018, Applicant was appointed as chapter 7 trustee of the Debtor's estate and has been serving in such capacity continually through the present.

## DISCUSSION

4. The Debtor's schedules list as assets his ownership interests, ranging percentage wise from 96% to 100%, in several business entities. In addition, a preliminary review of pertinent documents by Applicant's Accountant reveals, upon information and belief, among other things, that: (a) governmental refunds received in connection with the joint tax returns of the Debtor and his non-Debtor wife were deposited solely into the wife's bank account; (b) the Debtor transferred in early January 2018 his shares in Dream City Hospitality Group Inc. to a third party for a mere $1; and (c) there have been other transfers made by the Debtor to third parties which may be avoidable and recoverable under the Bankruptcy Code.

5. In light of the foregoing, Applicant respectfully submits that he requires the services of Trustee's counsel in this bankruptcy case, and Applicant wishes to retain TKD as such Counsel in this case. The attorneys at TKD that are to represent the Trustee in this matter are all duly admitted to practice in and have extensive experience appearing before this Court, and the Trustee believes that TKD is well qualified to represent him in this case, in any pending or future adversary proceedings in this case, and in any other litigation matters or other matters

---

[1] References denoted "Docket No. ___" are to the relevant document number for the referenced order or pleading filed in this bankruptcy case, which document number is set forth on the docket for this case maintained on the electronic filing system for the United States Bankruptcy Court for the Southern District of New York.

requiring legal services herein

6. Applicant proposes that TKD, as Trustee's Counsel, perform, among others, the following services; (a) investigating the foregoing matters referred to in paragraph 4 of this Application, as well as the accuracy of the Debtor's Petition and Schedules, ascertaining the existing nature and value of any other assets of the Debtor and any other potentially avoidable transfers and inquiring into any other matters affecting the Debtor's financial condition and the administration of the estate; (b) taking Bankruptcy Rule 2004 examinations, as the Trustee may deem appropriate and as this Court approves, of any individuals or entities, to further investigate the foregoing matters; (c) to commence and prosecute any adversary proceedings, including avoidance adversary proceedings, which the Trustee may deem appropriate for TKD to pursue; and (d) to provide such other legal services that the Trustee may request and direct TKD to perform.

7. Applicant respectfully requests that the effective commencement date of TKD's representation of the Trustee as counsel be December 27, 2018, as of which date TKD began reviewing the aforesaid information pertaining to assets of the Debtor and potential claims of the estate compiled preliminarily by the Trustee's Accountant.

8. In the Declaration of Robert A. Wolf, Esq., a partner at TKD (the "**Wolf Declaration**"), annexed hereto as **Exhibit "A,"** Mr. Wolf represents that to the best of his knowledge, after due inquiry, TKD does not hold or represent any interest adverse to the estate, and that TKD is a "disinterested person," as that term is defined by Bankruptcy Code § 101(14).

9. As set forth in the Wolf Declaration, TKD is representing the Trustee, and, it is anticipated, will represent him in the future, as general or special counsel in his capacity as chapter 7 and as chapter 11 trustee in other, unconnected chapter 7 and chapter 11 cases filed in

the United States Bankruptcy Courts for the Southern and Eastern Districts of New York.

10. In each of said cases, TKD has been or will be retained pursuant to an order duly entered by the appropriate Bankruptcy Court, and any award of fees and expenses to TKD in connection with such representations will be subject to a proper application to, and approval by, the appropriate Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any pertinent Local Rules of the appropriate Bankruptcy Court.

11. The Wolf Declaration also advises that TKD has represented and continues to represent Capital One Bank, which is scheduled in the Debtor's case as a creditor with a general unsecured claim totaling approximately $15,000.00 based on credit card balances, in matters wholly unrelated to this case or to the Debtor. As Trustee, Applicant presently does not anticipate any litigation in this case adverse to the interests of Capital Once Bank. However, if the need for such litigation arises, Applicant will seek to retain special counsel to prosecute the same.

12. TKD has informed the Trustee that it has conducted the internal firm conflict check which is standard as a matter of course for proposed Section 327 retentions like the subject one, which includes inputting a list of the Debtor, and all creditors, entities, or individuals who have filed proofs of claim in the Debtor's case, filed a notice of appearance in the case and/or been scheduled as a creditor in the case.

13. TKD has further advised the Trustee that it will charge for services rendered on an hourly basis at the rates set forth in the Wolf Declaration, and will seek reimbursement for reasonable expenses incurred in connection with performing such services. Such compensation will be paid, and expenses reimbursed, solely upon application to this Court and upon such notice and hearing as provided by the Bankruptcy Code and the Bankruptcy Rules.

14. No prior application for the relief requested herein has been made.

**WHEREFORE**, the undersigned, as Trustee, respectfully requests the entry of an order annexed hereto as **Exhibit "B"** authorizing the Trustee to retain TKD as Counsel to the Trustee as of October 23, 2018 for the purposes summarized herein and further detailed in the Wolf Declaration, and for such other relief as is just.

Dated: January 7, 2019
New York, New York

/s/ Robert L. Geltzer
Robert L. Geltzer
Chapter 7 Trustee of the Debtor
1556 Third Avenue, Suite 505
New York, New York 10128
(212) 410-0100
rgeltzer@epitrustee.com

**EXHIBIT A**

**EXHIBIT A**

**TARTER KRINSKY & DROGIN LLP**
*Proposed Counsel to the Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
Tel (212) 216-8000
Fax (212) 216-8001
Robert A. Wolf, Esq.
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:                                                   :
                                                         :    Chapter 7
                                                         :
**PANOS PAPADOPOULOS SERETIS,**                          :    Case No. 18-11852 (JLG)
                                                         :
                          Debtor.                        :
------------------------------------------------------------X

**DECLARATION OF ROBERT A. WOLF PURSUANT TO BANKRUPTCY
RULE 2014 ON BEHALF OF TARTER KRINSKY & DROGIN LLP
AS PROPOSED COUNSEL TO TRUSTEE AND DISCLOSURE PURSUANT TO
BANKRUPTCY CODE SECTIONS 327 AND 329 AND BANKRUPTCY RULE 2014**

Robert A. Wolf, Esq., declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, to the best of his knowledge and based upon the documents available to him, as follows:

1. I am an attorney duly admitted and in good standing to practice before the United States District Court for the Southern District of New York. My firm maintains an office for the practice of law at 1350 Broadway, New York, New York 10018. I submit this Declaration in connection with the application (the "**Application**") of Robert L. Geltzer, the Chapter 7 trustee (the "**Trustee**") of Panos Papadopoulos Seretis (the "**Debtor**"), to retain Tarter Krinsky & Drogin LLP ("**TKD**") as his counsel in the above-captioned case as of October 23, 2018, on which date, at the Trustee's direction, TKD began reviewing documents and issues pertaining to the case.

{Client/085141/1/01679186.DOC;1 }

2. As set forth in the Trustee's accompanying Application, the Trustee believes it is in the best interests of the Debtor's estate to retain TKD to perform, among others, the following services as his counsel in this case: (a) investigating the foregoing matters, as well as the accuracy of the Debtor's Petition and Schedules, to ascertain the existing nature and value of any other assets of the Debtor and any other potentially avoidable transfers and to inquire into any other matters affecting the Debtor's financial condition and the administration of the estate; (b) to take Bankruptcy Rule 2004 examinations, as the Trustee may deem appropriate and as this Court approves, of any individuals or entities, to further investigate the foregoing matters; (c) to commence and prosecute the Discharge Adversary, and any other adversary proceedings, including avoidance adversary proceedings, which the Trustee may deem appropriate for TKD to pursue; and (d) to provide such other legal services that the Trustee may request and direct TKD to perform.

3. I understand that any award to TKD of fees and expenses will be subject to a proper application to, and approval by, the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and any fee guidelines issued by the Executive Office for United States Trustees (the "**US Trustee Guidelines**"). No promises have been received by TKD, nor any member, attorney who is "of counsel" to the firm, or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code. Neither I, my law firm, any member of the firm, attorney who is "of counsel" to the firm, nor any associate thereof, has any agreement with any other entity to share with such entity any compensation received by my firm in connection with these cases or the representation of the Trustee.

4.  As set forth more fully below, neither I, my law firm, any member of the firm, attorney who is "of counsel" to the firm, nor any associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor's estate.

5.  Additionally, neither I, TKD, any member of the firm, any attorney who is "of counsel" to the firm nor any associate thereof, to my actual knowledge:

   a. is a creditor of the Debtor (including by reason of unpaid fees for services rendered prior to the date of this Declaration);

   b. is a direct or indirect equity security holder of the Debtor;

   c. is or has been an officer, director or employee of the Debtor, or an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code;

   d. presently represents a creditor of the Debtor, or a person otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter that is related to the Debtor or the Debtor's estate;

   e. previously represented a creditor of the Debtor, or a person who is otherwise adverse or potentially adverse to the Debtor or the Debtor's estate, on any matter substantially related to the Debtor's Chapter 7 case;

   f. except as described below, has any connection with the Debtor, the Trustee, the United States Trustee or any employee of the United States Trustee's office, or any of the Debtor's creditors; or

   g. has any other interest, direct or indirect, which may affect or be affected by the proposed representation.

To the best of my knowledge and based upon the information presently available to me, TKD is a "disinterested" person as that term is defined in Section 101(14) of the Bankruptcy Code.

6.  Robert L. Geltzer, as trustee, has made and is making similar applications to retain TKD as counsel or as special counsel in other bankruptcy cases pending in the United

States Bankruptcy Courts of the Southern and Eastern Districts of New York in which Mr. Geltzer is the chapter 7 trustee. In any of the cases in which TKD is retained as the trustee's counsel, any award of fees and expenses to TKD in connection with such representations will be subject to a proper application to, and approval by, the appropriate Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, any pertinent Local Rules of the appropriate Bankruptcy Court, and the US Trustee Guidelines.

7. TKD has represented and continues to represent Capital One Bank, which was scheduled in the Debtor's case as a creditor with general unsecured claims totaling approximately $15,000.00 based on credit card balances, in matters wholly unrelated to this case or to the Debtor. I presently do not anticipate any litigation in this case adverse to the interests of Capital One Bank. However, if the need for such litigation arises, the Trustee will seek to retain special counsel to prosecute the same.

8. I, individually, and on behalf of my firm, agree that:

(a) Any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and

(b) Upon settlement or other liquidation of any claims being prosecuted by the firm, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with orders of this Court and/or the Bankruptcy Code.

9. TKD will charge rates for its services comparable to those charged by other firms for comparable services to be rendered. To the extent a partner renders certain legal services on behalf of the Trustee, the hourly rate for such partner during the year 2018 will be in the range of

{Client/085141/1/01679186.DOC;1 }    4

$495 - $870. To the extent an associate(s) or an attorney of this firm with the designation of "Associate" or "Counsel" renders certain legal services on behalf of the Trustee in this case, the hourly rate for such Associate(s) or Counsel(s) during the year 2018 will be in the range of $300 - $620. To the extent that a legal assistant renders legal services on behalf of the Trustee, the hourly rate for such legal assistant during the year 2018 shall be in the range of $250 - $295. Except where an increase in TKD's rates for any individual employed by TKD and providing services in this case is the result of an annual "step increase" historically awarded by TKD in the ordinary course to attorneys and legal assistants throughout the firm due to advancing seniority and promotion, TKD shall file, prior to an increase in the rate of any attorney or legal assistant providing services in this case, a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increase(s) and state whether the Trustee has consented to the rate increase(s).

10. TKD shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of the Court, including, but not limited to, provisions relating to the keeping of accurate time and disbursement records, and the US Trustee Guidelines.

11. No agreement or understanding exists between TKD and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this case, nor shall TKD share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code.

**WHEREFORE**, it is respectfully requested that TKD be retained as counsel to Robert L. Geltzer, as Chapter 7 Trustee of the Debtor, as of October 23, 2018, with TKD's fees to be subject to a proper application to, and approval thereof by, the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, any Local Rules of this Court, and the US Trustee Guidelines.

Dated: New York, New York
       January 4, 2019

                              /s/ Robert A. Wolf
                              Robert A. Wolf, Esq.
                              rwolf@tarterkrinsky.com

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re

PANOS PAPADOPOULOS SERETIS,

Debtor.

Chapter 7

Case No. 18-11852 (JLG)

------------------------------------------------------------X

## ORDER AUTHORIZING RETENTION OF TARTER KRINSKY & DROGIN LLP AS COUNSEL TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014

Upon the application (the "**Application**")[1] of Robert L. Geltzer, Chapter 7 trustee (the "**Trustee**") of Panos Papadopoulos Seretis (the "**Debtor**"), dated January 7, 2019, and the declaration of Robert A. Wolf, Esq., made on January 4 2019, seeking the entry of an order pursuant to Section 327(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules, authorizing the retention of Tarter Krinsky & Drogin LLP ("**TKD**") as Counsel to the Trustee as of October 23, 2018; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been made; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate, and this Court being satisfied that (a) TKD does not hold or represent any interest adverse to the Debtor's estate; (b) is a disinterested person with the meaning of Section

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Application.

{Client/085141/1/01679219.DOC;1 }

101(14) of the Bankruptcy Code; and (c) TKD's employment is necessary and would be in the best interests of the estate; it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED,** that the Trustee be, and hereby is, authorized pursuant to Bankruptcy Code § 327(a) and Bankruptcy Rule 2014, to retain TKD as his Counsel as of October 23, 2018 for the purposes stated in the Application; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that TKD shall be compensated in accordance with and will file fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and the applicable United States Trustee Guidelines; and it is further

**ORDERED**, that prior to any increases in TKD's rates for any individual employed by TKD and providing services in this case, TKD shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether TKD's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate

increase pursuant to section 330 of the Bankruptcy Code; provided however, that the terms "increases in TKD's rates" and "rate increases" as used in this Order shall not include annual "step increases" historically awarded by TKD in the ordinary course to attorneys and legal assistants throughout the firm due to advancing seniority and promotion; and it is further

**ORDERED** that: (i) any settlement of any controversy or action shall be subject to the Trustee's written consent and to the approval of this Court upon the Trustee's motion therefor; and (ii) upon settlement or other liquidation of any claims being prosecuted by TKD, the gross proceeds from said settlement or other liquidation shall be turned over to the Trustee upon receipt for distribution by the Trustee in accordance with orders of this Court and/or the Bankruptcy Code.

**NO OBJECTION:**

WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE REGION 2

By:    /s/ Brian Masumoto
      Brian Masumoto, Esq.
      Trial Attorney
      January 29, 2019

Dated:  New York, New York
            _____, 2019

                                        **HONORABLE JAMES L. GARRITY JR.**
                                        **UNITED STATES BANKRUPTCY JUDGE**