**Hearing Date: April 16, 2019 at 10:00 a.m.**
**Objection Deadline: April 9, 2019 at 4:00 p.m.**

FOLEY & LARDNER LLP
Katherine R. Catanese
90 Park Avenue
29th Floor
New York, NY 10016-1314
Telephone: (212) 338-3566
Facsimile: (212) 687-2329
Email: kcatanese@foley.com
*Counsel for Panos Seretis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>PANOS PAPADOPOULOS SERETIS<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11852-JLG |
| YANNIS (IOANIS) BONIKOS, RIGEL SHAHOLLI AND DIMITIRIOS OIKONOMOPOULOS,<br><br>Plaintiff,<br><br>-against-<br><br>PANOS SERETIS,<br><br>Defendant. | Adv. Pro. No. 18-01637-JLG |

## MOTION OF PANOS SERETIS FOR APPROVAL OF SETTLEMENT OF ADVERSARY PROCEEDING

Panos Papodopoulos Seretis ("Seretis" or the "Debtor") files this *Motion for Approval of Settlement of the Adversary Proceeding* (the "Motion") hereby requests that the Court approve the settlement (the "Settlement"), attached as Exhibit A, by and amongst the Debtor, Yannis (Ianois) Bonikos ("Bonikos"), Rigel Shaholli ("Shaholli"), Dimitrios Oikonomopoulos ("Oikkonomopoulos", together with Bonikos and Shaholli the "Plaintiffs") and (the Plaintiffs

together with the Defendants, the "Settling Parties"). In further support of the Motion, the Debtor also relies on the Debtor's Affidavit in Support of Motion of Panos Seretis for Approval of Settlement of Adversary Proceeding (the "Affidavit"), attached as Exhibit B, as well as counsel's certification pursuant to Rule 4007-1(a), attached as Exhibit C.

## BACKGROUND

1.  The Debtor filed his bankruptcy petition on June 20, 2018. One of the reasons for the bankruptcy was the lawsuit filed by Plaintiffs against Foodoni and the Debtor for violations of the Fair Labor Standards Act (the "FLSA") filed on April 10, 2017, in the U.S. District Court for the Eastern District of New York, Case No. 17-02162 (the "FLSA Case"). The Plaintiff's claims, which the Debtor contests, currently comprise of over 81% of the monetary value of the claims filed against the Debtor's estate. The deadline to file claims is April 4, 2019; however, the Debtor expects his largest claims will remain those of the Plaintiffs.

2.  After the Debtor filed his bankruptcy case, the Plaintiffs filed a non-dischargeability action prior to the November 26, 2018 deadline for objecting to discharge. The Plaintiffs brought claims under 11 U.S.C. §§ 523(a)(6) and 727(a)(4) against the Debtor in the U.S. Bankruptcy Court for the Southern District of New York (the "District Court"), Case No. 18-01637 (the "Adversary Proceeding"). The section 523(a)(6) claim alleged that the claims in the FLSA Case were non-dischargeable based on the Debtor's alleged willful and malicious conduct, which the Debtor contests. The section 727 claim alleged that that the Debtor made false statements on his schedules, did not list certain property he owned, and did not properly value certain assets.

3. After the Debtor reviewed the claims in the Adversary Proceeding, the Debtor filed amended Schedules A-F[1] (D.E. #38), Official Form 106 (D.E. #39), Summary of Assets and Liabilities Schedules (D.E. #40), Amended Statement of Financial Affairs (D.E. #41), and Amended Chapter 7 Statement for Current Monthly Income (D.E. #42), based on the issues raised in the Adversary Proceeding (D.E. #38) to clarify his schedules because many of the Plaintiff's allegations regarding false statements were incorrect. The property the Plaintiffs alleged belonged to the Debtor really belonged to his business entities. Many of the other claims regarding the amount of the cash the Debtor had on hand, the value the Debtor placed on certain assets are unsubstantiated and do not form a basis for a §727 claim. The Debtor believes his explanations to the Plaintiffs as well as his amendments to the schedules resolves the issues raised by the section 727 count in the Adversary Proceeding. *See* Affidavit §4.

4. Due to the ongoing discussion between the Debtor and the Plaintiffs, the parties entered into three stipulations (Adversary Proceeding D.E. ## 9, 11, 13) to extend the briefing schedule for the Complaint. The briefing schedules have pushed out the deadline to answer the Complaint. Therefore, the Debtor has not filed an answer to the Complaint, nor has there been a pre-trial conference in the Adversary Proceeding.

## THE SETTLEMENT

5. The Settling Parties wish to avoid the expense and uncertainty associated with litigating the issues raised in the Adversary Proceeding and have negotiated in good faith to resolve the Adversary Proceeding upon the terms and conditions set forth in the Settlement (Ex. A).

---

[1] The Debtor also filed Schedule D (D.E. #37) for the first time after inadvertently omitting it from prior filings.

4828-8723-8794.7

6. The material terms of the Settlement include[2]:

   a. Debtor shall pay to the Plaintiffs $60,000 in cash (the " Section 523 Settlement Amount"). The Section 523 Settlement Amount shall be applied to settle the section 523 claim. Further, the Section 523 Settlement will be gifted to the Debtor by three of his close friends. The Section 523 Settlement Amount is not coming from any estate property.[3] See Affidavit §§ 7-8.

   b. Mutual releases from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts ("FLSA"); any claims for unpaid wages under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, of the New York Labor Law; any claims under any other federal, state or local wage and hour law; any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

   c. The Settling Parties Agree to dismiss the FLSA Case[4] and withdraw both the section 523 and 727 counts in their Adversary Proceeding and dismiss the same.

---

[2] The Debtor refers the Court and all interest parties to the Settlement Agreement for its precise terms (with such terms controlling any inconsistency herein and such defined terms controlling the summary) to be signed by the Parties in substantially the form attached hereto upon court approval.

[3] Initially, the Debtor anticipated receiving a loan through his business, Monaco Group, to pay the Section 523 Settlement Amount, but the Chapter 7 Trustee disapproved. Pursuant to Local Rule. 4007-2(b) the Debtor recognizes that "no adversary proceeding to determine the dischargeability of a debt shall be settled except pursuant to an order of the Court after due inquiry into the circumstances of any settlement, including the terms of any agreement entered into between the debtor and the creditor relating to the payment of the debt, in whole or in part." The Debtor also recognizes that under Rule 4007-2(a) "[i]n the event of the withdrawal of a complaint objecting to discharge or failure to prosecute an adversary proceeding objecting to discharge, no discharge shall be granted unless the debtor shall make and file an affidavit and the debtor's attorney shall make and file a certification that no consideration has been promised or given, directly or indirectly, for the withdrawal or failure to prosecute."

[4] The Plaintiffs will be filing a separate motion in the District Court to approve settlement of the FLSA case.

4828-8723-8794.7

7. Accordingly, the Settling Parties respectfully request that the Court enter an order, substantially in the form of the order attached hereto as Exhibit D (with such modifications as may be agreed to by the Settling Parties and the Court, the "Settlement Approval Order") approving the Settlement and granting such further relief as this Court deems appropriate.

## BASIS FOR RELIEF

8. Bankruptcy Rule 9019 provides that this Court has broad discretion to approve a compromise or settlement such as the proposed Settlement.

9. A debtor and an individual creditor may settle a section 523 complaint as well as abandon a section 727 complaint so long as the parties provide notice and full disclosure to all creditors and to the Trustee. *See In re Hass,* 273 B.R. 45 (Bankr. S.D.N.Y. 2002); *In re Margolin*, 135 B.R. 671 (Bankr. D. Colo. 1992) (approving settlement stating $97,501.36 debt was non-dischargeable but could be satisfied by the payment of $25,000 and allowing plaintiff to stop prosecuting 727 claim).

10. "The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it." *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y. 1994). "In so doing, the Court need not decide the numerous issues of law and fact raised by a compromise or settlement, but must only canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 640-41 (Bankr. S.D.N.Y. 2012) (citations and internal quotation marks omitted).

11. The Second Circuit has "set forth various factors to be considered on a Rule 9019(a) motion: (1) the probability of success in the litigation; (2) the difficulties associated with

collection; (3) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and (4) the paramount interests of the creditors." *Nellis*, 165 B.R. at 122 (*citing In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir.1992)).

12. The foregoing factors, to the extent they apply, support granting the relief requested herein. The issues raised by the Adversary Complaint are complex and involve issues of whether the Debtor caused injury to the Plaintiffs willfully and maliciously and whether the Debtor knowingly and fraudulently made a false oath when he filed his bankruptcy schedules. Putting aside that the Debtor contends he did not act willfully or maliciously and he did not attempt to purposely hide anything when filing his bankruptcy, litigating the issues of the Debtor's intent surrounding the payment of wages to Plaintiffs and his intent when preparing and filing his schedules is a complicated and costly endeavor with no guaranteed outcome.

13. The Settlement allows the Parties to avoid expense and uncertainty and is in the best interest of the estate because the Settlement settles the largest unsecured creditor's claim for less than 10% of the actual amount of the claim.

14. Further, the Settlement is a huge benefit to the remaining creditors because it settles the largest creditors' claims. The Plaintiff's claims comprise of over 81% of the monetary value of the claims filed against the Debtor's estate.[5] As the Trustee filed a Notice of Possible Dividends the Trustee believes there will be a distribution to creditors in this case. Eliminating the largest creditors will increase the distribution to other creditors, and this is a factor to be considered when approving the settlement. (D.E. #46). *See In re Handler,* 386 B.R. 411 (E.D.N.Y. 2007) (approving settlement where settlement turned no asset case into one where creditors would receive approximately a 30% distribution).

---

[5] Note, these figures are based on calculations made on March 21, 2019. The deadline for filing claims is April 4, 2019. Nonetheless, the Debtor expects Plaintiff's claims to remain the largest.

15. Pursuant to Rule 41 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding through Rule 7041 of the Federal Rules of Bankruptcy Procedure, simultaneously with filing this motion, the Debtor will give notice of the Motion and hearing to the trustee, the United States Trustee, and all others on the mailing matrix in this case.

## CONCLUSION

16. For the foregoing reasons, the Debtor respectfully requests that the Court grant the Motion approving the Settlement and grant such further relief as this Court deems appropriate.

Dated: March 22, 2019

Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ Katherine R. Catanese*
Katherine R. Catanese
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016-1314
Telephone: 212-682-7474
Facsimile: 212-687-2329

*Attorney for the Debtor*

4828-8723-8794.7