# EXHIBIT A

# Settlement Agreement

4828-8723-8794.7

### Settlement Agreement by and amongst Yannis (Ianois) Bonikos, Rigel Shaholli, <u>Dimitrios Oikonomopoulos and Panos Seretis and Foodoni NY 23 Corp.</u>

This Settlement Agreement (this "**Settlement Agreement**") is entered into as of February 6, 2019, by and amongst Yannis (Ianois) Bonikos ("**Bonikos**"), Rigel Shaholli ("**Shaholli**"), Dimitrios Oikonomopoulos ("Oikkonomopoulos", together with Bonikos and Shaholli the "**Plaintiffs**") and Panos Seretis ("**Seretis**") and Foodoni NY 23 Corp. ("**Foodoni**", together with Debtor, "**Defendants**"), (the Plaintiffs together with the Defendants, the "**Settling Parties**").

### WITNESETH:

WHEREAS, the Plaintiffs initiated a lawsuit against Foodoni and the Debtor for violations of the Fair Labor Standards Act (the "**FLSA**") on April 10, 2017 in the U.S. District Court for the Eastern District of New York, Case No. 17-02162 (the "**FLSA Case**").

WHEREAS, on June 20, 2018, the Debtor filed a bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Case No. 18-11852 (the "**Bankruptcy Case**").

WHEREAS, on September 24, 2018, the Plaintiffs filed an adversary complaint (the "**Complaint**") for non-dischargeability under 11 U.S.C. §§ 524(a)(6) and 727(a)(4) against the Debtor in the U.S. Bankruptcy Court for the Southern District of New York (the "**District Court**"), Case No. 18-01637 (the "**Adversary Proceeding**").

WHEREAS, the Debtor disputes the allegations in the FLSA Case and the Adversary Proceeding.

WHEREAS, the Settling Parties are desirous of resolving their differences without resorting to further litigation and without admission of any fault or liability, and, as a result of negotiations, the Settling Parties have agreed to settle the Adversary Proceeding and the FLSA Case with respect to the Settling Parties as set forth below.

NOW, THEREFORE, for the consideration of the promises and the mutual covenants contained herein, and the consideration exchanged by the parties as detailed below, the receipt and sufficiency of which is hereby acknowledged, the Settling Parties hereby AGREE as follows:

1.  *Settlement Payment.*  Debtor shall pay to the Plaintiffs $60,000 in cash (the "**Cash Payment**") via bank check made payable to Varacalli & Hamra, LLP in full and final settlement of the FLSA Case and Adversary Proceeding. The Cash Payment shall be delivered to the Plaintiffs' Attorney on or before February 28, 2019. The Cash Payment shall be submitted to the Plaintiffs' Attorney at:

Abraham Hamra
Varacalli & Hamra, LLP
Suite 1818

4852-2715-3287.4

New York, NY 10004

2. *Admissions.* Defendants do not admit to any liability regarding the allegations contained in the complaints filed against the Defendants in the FLSA Case and the Debtor in the Adversary Proceeding which liability and allegations the Defendants continue to deny.

3. *Mutual Releases.*

a. Upon the Dismissals, Plaintiffs fully and unconditionally release and forever discharge Defendants from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts ("FLSA"); any claims for unpaid wages under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, of the New York Labor Law; any claims under any other federal, state or local wage and hour law; any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement). As part of this mutual release, Plaintiffs agree that they do not contest Debtor's discharge with regard to Plaintiffs' debts or any other debts owed by Debtor and fully release Defendant with regard to the Adversary Proceeding and any proofs of claim filed by Plaintiffs in the Bankruptcy Case.

This release does not bar a claim that a term of this Agreement has been materially violated.

b. Defendants fully and unconditionally release and forever discharge Plaintiffs, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts ("FLSA"); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement).

This release does not bar a claim that a term of this Agreement has been materially violated.

4. *Dismissal.* Within five (5) business days after the Cash Payment is made, Plaintiffs shall dismiss of the FLSA Case with prejudice and without costs, and the Settling Parties shall work together to file a notice of dismissal or appropriate pleading with the District Court. Within five (5) business days after the Cash Payment is made, Plaintiffs shall dismiss of the Adversary Proceeding with prejudice and without costs, and the Settling Parties shall work together to file a notice of dismissal or appropriate pleading with the Bankruptcy Court (each, a "**Dismissal**" and, together with the FLSA Case dismissal and the Adversary Proceeding dismissal, the "**Dismissals**").

2

4852-2715-3287.4

5. *Conditions Precedent.* If the Bankruptcy Court requires that this Settlement be approved by the Bankruptcy Court, Plaintiffs' Attorneys agree to hold the Cash Payment in escrow until such time as the approval is obtained (the "**Approval Order**"). If the Bankruptcy Court declines to enter the Approval Order, or if the Approval Order is vacated or reversed on appeal, this Settlement Agreement shall be of no further force or effect, and each of the Settling Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if this Settlement Agreement had never been entered and the Settlement Payment shall be returned to the Debtor by check, to the order of the party remitting the Settlement Payment in the first instance, as directed by the Debtor, within five (5) business days following written demand for same by the Debtor.

6. *Consent to Extensions.* The Settling Parties agree to consent to extensions of deadlines in the Adversary Proceeding should any deadline fall prior to the Dismissal of the Adversary Proceeding.

7. *Representations and Warranties.* Each Settling Party represents and warrants to the other Settling Parties that: (i) it is authorized to execute and deliver this Settlement Agreement and perform its obligations hereunder; (ii) no claim waived or released pursuant to this Settlement Agreement has been assigned or otherwise transferred; (iii) each believes it to be in that Settling Party's best interests to settle the matters encompassed by this Settlement Agreement, as provided in this Settlement Agreement; (iv) no promise, agreement, inducement, representation, or warranties have been offered to any Settling Party except as expressly provided in this Settlement Agreement; (v) this Settlement Agreement is not in violation of or in conflict with any other agreement of any Settling Party; (vi) this Settlement Agreement is executed voluntarily with full knowledge of the consequences and implications of the terms and obligations contained herein; (vii) each Settling Party has been represented by counsel of that Settling Party's choice throughout the negotiations that preceded the execution of this Settlement Agreement, and in connection with the preparation and execution of this Settlement Agreement; (viii) each Settling Party has carefully and thoroughly reviewed this Settlement Agreement in its entirety and has resolved all questions concerning the meaning, legal nature, and binding effect of this Settlement Agreement with counsel of each Settling Party's choosing; and (ix) this Settlement Agreement is contractual and not merely recital, and that each Settling Party has read, understands, and fully agrees to the terms of this Settlement Agreement.

8. *Further Assurances.* Each Settling Party shall execute and deliver any document or instrument reasonably requested by another Party after the date of this Settlement Agreement to effectuate the intent of this Settlement Agreement.

9. *Assignment.* No Settling Party may assign any of its respective benefits, obligations or liabilities under or in respect of this Settlement Agreement without (i) the prior written consent of each other Party, which may be withheld in its absolute discretion, or (ii) by order of the Bankruptcy Court.

10. *Successors.* This Agreement shall be binding upon and inure to the benefit of each Settling Party and his or its respective successors, heirs, estates and personal representatives.

4852-2715-3287.4

11. *Amendments.* This Agreement may be modified or amended only by a writing signed by a duly authorized representative of each affected Settling Party hereto.

12. *Settlement Agreement Controls.* In the event of any conflict between this Settlement Agreement and any other agreements between the Settling Parties, this Settlement Agreement shall govern.

13. *Integration.* The provisions of this Settlement Agreement are integrated, essential and non-severable terms of this Settlement Agreement.

14. *Counterparts; Facsimile Signatures.* This Agreement may be executed in counterparts, each such counterpart will constitute an original document and such counterparts, taken together, will constitute one and the same document. Electronically transmitted or facsimile copies shall be deemed to be originals.

15. *Headings.* The headings of this Settlement Agreement are inserted solely as a matter of convenience and for reference and do not define, limit or describe the scope of this Settlement Agreement or the scope or content of any of its provisions.

16. *Governing Law.* This Settlement Agreement and any claim related directly or indirectly to this Settlement Agreement shall be governed by and construed in accordance with the Bankruptcy Code and, to the extent not preempted by the foregoing, the internal laws of the State of New York (without regard to the principle of conflicts of law thereof).

17. *Continuing Jurisdiction.* The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising out of or relating to this Settlement Agreement.

18. *Specific Performance.* The Settling Parties agree that irreparable damages would occur if any provision of this Settlement Agreement were not performed in accordance with the terms hereof and that the Parties shall be entitled (without the requirement to post bond) to an injunction or injunctions to prevent breaches of this Settlement Agreement or to enforce specifically the performance of the terms and provisions hereof. Such remedies shall be cumulative and not exclusive and shall be in addition to any other remedies that the Settling Parties may have under this Settlement Agreement.

19. *No Waiver.* No failure or delay by any Settling Party in exercising any right or remedy provided by law under or pursuant to this Settlement Agreement shall impair such right or remedy or be construed as a waiver or variation of it or preclude its exercise at any subsequent time, and no single or partial exercise of any such right or remedy shall preclude any other or future exercise of the exercise of any other right or remedy.

20. *Entire Agreement.* This Settlement Agreement constitutes the entire agreement and understanding of the Settling Parties regarding this Settlement Agreement and the subject matter thereof.

21. *Dual Construction.* If any provision of this Settlement Agreement may be construed in two or more ways, one of which would render the provision invalid or otherwise

4

voidable or unenforceable and another of which would render the provision valid and enforceable, such provision shall have the meaning that renders it valid and enforceable.

22. *All Parties Drafted the Settlement Agreement.* The rule of construction that provides that ambiguities in a contract shall be construed against the drafter shall not apply to this Settlement Agreement because each Settling Party drafted its terms, and all Settling Parties waive applicability of such rule of construction in interpreting this Settlement Agreement.

23. *Additional Rules of Construction.* Any term used in this Settlement Agreement that is not defined herein shall have the meaning assigned to that term and shall be construed in accordance with the rules of construction under the laws of the State of New York. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Settlement Agreement as a whole and not to any particular section, subsection, paragraph, or clause contained in this Settlement Agreement, unless the context requires otherwise. Whenever from the context it is appropriate, each term stated in either the singular or plural shall include both the singular and plural, and each pronoun stated in the masculine, feminine, or neuter includes the masculine, feminine, and neuter. "Or" means and/or and the singular includes the plural. Similarly, "and" means and/or and the plural includes the singular.

24. *Conferring Benefits.* Nothing in this Settlement Agreement shall be construed to confer upon any person or entity, other than the Settling Parties, any benefit.

25. *Recitals.* The recitals are true and correct and are incorporated herein as if set forth at length.

26. *Time Is of the Essence.* Time is of the essence in relation to this Settlement Agreement.

27. The Settling Parties each acknowledge that they have the requisite authority to enter into this Settlement Agreement, that they have consulted counsel, and that the Settlement Agreement shall be binding upon each Party and their respective successors and assigns.

[SIGNATURE PAGE FOLLOWS]

| By:_____<br>Rigel Shaholli<br>Plaintiff<br>Dated: | By:_____<br>Dimitrios Oikonomopoulos<br>Plaintiff<br>Dated: |
|---|---|
| By:_____<br>Yannis (Ianois) Bonikos<br>Plaintiff<br>Dated: | |
| By:_____<br>Panos Seretis<br>Debtor and Defendant<br>Dated: | By:_____<br>Foodoni NY 23 Corp.<br>Defendant<br>Dated: |